UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

WILLIE CHARLES HILL, JR., as         }
Administrator of the Estate of Alma  }
Robertson, deceased,                 }
                                     }
         Plaintiff,                  }
                                     }
         vs.                         }     CASE NO. 2:09-cv-1953-SLB
                                     }
AMERICAN HEALTH                      }
CORPORATION, d/b/a TERRACE           }
OAKS CARE AND                        }
REHABILITATION CENTER,               }
                                     }
         Defendant.                  }

## MEMORANDUM OPINION

This case is currently before the court on Plaintiff's Motion to Remand.  (Doc. 3.)[1] Plaintiff William Charles Hill, Jr., as Administrator of the Estate of Alma Robertson, deceased ("Hill"), asserts that remand is mandated because defendant, American Health Corporation, d/b/a Terrace Oaks Care and Rehabilitation Center ("Terrace Oaks"), has failed to prove by a preponderance of the evidence that the amount in controversy meets the jurisdictional minimum.  Defendant responds that plaintiff's second responses to its Request for Admissions made the case removable and are sufficient to confer jurisdiction upon this court.  Upon consideration of the record, the submissions of the parties, the

---

[1]Reference to a document number, ["Doc.___"], refers to the number assigned to each document as it is filed in the court's record.

arguments of counsel, and the relevant law, the court is of the opinion that plaintiff's Motion to Remand, (doc. 3), is due to be denied.

## I.  CASE OVERVIEW

Plaintiff, Alma Robertson, by and through her next friend, William Charles Hill, Jr. ("Hill"), initiated this medical malpractice action in the Circuit Court of Jefferson County, Alabama alleging that defendants, both named and fictitious, negligently and/or wantonly breached the applicable standards of care by failing to properly monitor and treat Ms. Robertson while she was a resident/patient at Terrace Oaks.  (Doc. 1, Ex. A, Complaint.) Plaintiff's Complaint states that while in the defendant's care Ms. Robertson was injured as follows: 1) she was twice hospitalized for decubitus ulcers to her back-side; 2) a "feeding tube," inserted during the first hospital admission, was reported upon her subsequent admission to be "broken at the distal end;" 3) staff used Clorox to clean wounds; 4) she was left unchanged and lying in her own filth on numerous occasions; and 5) a third hospital admission revealed that defendant's staff had administered morphine without orders of a treating physician.  (Doc. 1, Ex. A.)  Ms. Robertson died nine days after filing suit.  (Doc. 6, p. 14 at ¶ 3, Amended Complaint.)  Hill, as Administrator of the Estate of Alma Robertson, deceased, was substituted as the party in interest.  (Doc. 1, p. 72.)  Hill subsequently filed an Amended Complaint, which added a Count for wrongful

death.  (Doc. 6, pp. 14-24, Amended Complaint.)[2]  Defendant, Terrace Oaks, removed the case to this court on the basis of diversity jurisdiction, (doc. 1), and plaintiff filed a Motion to Remand, (doc. 3).

## II.  DISCUSSION

a.     **Removal**

Federal courts are courts of limited jurisdiction.  *Kokkonen v. Guardian Life Ins. Co. of Amer.*, 511 U.S. 375 (1994).  Therefore, this court may only hear cases that the Constitution or Congress has authorized.  *Id.* at 377.  A federal court has jurisdiction over cases involving parties from different states when the amount in controversy exceeds $75,000, excluding interest and costs.  28 U.S.C. § 1332(a).  Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant.  *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).  "Defendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all

---

[2]Defendant failed to include the Amended Complaint with the removal documents. Plaintiff supplemented the record by including a copy of the Amended Complaint in Plaintiff's Supplemental Memorandum in Support of the Plaintiff's Motion to Remand.  (Doc. 6, pp. 14-24.)  At oral argument of plaintiff's Motion to Remand, defendant's counsel represented to the court that he had not received the Amended Complaint, and thus was unaware of the wrongful death claim, until being served with plaintiff's Supplement to Motion to Remand.  Plaintiff's counsel stated that he previously phoned defendant's counsel regarding substitution of Administrator Hill as the party plaintiff, and that, at that time, they also discussed the omission of the Amended Complaint in defendant's removal documents.  Defendant's counsel responded that he remembered the phone call but did not recall a discussion related to the Amended Complaint. Ultimately, plaintiff's counsel stated that he has no objection to the court considering the Amended Complaint in its ruling on the Motion to Remand.

named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." *Lincoln Property Co. v. Roche*, 546 U.S. 81, 84 (2006); *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356 (11th Cir. 1996) ("Any civil case filed in state court may be removed by the defendant to federal court if the case could have been brought originally in federal court." (citing 28 U.S.C. § 1441(a))).

A defendant seeking to remove a case from state court to federal court has the burden of proving the existence of federal jurisdiction. *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997). "Where a plaintiff fails to specify the total amount of damages demanded, . . . a defendant seeking removal based on diversity jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the $75,000 jurisdictional requirement." *Leonard v. Enter. Rent A Car*, 279 F.3d 967, 972 (11th Cir. 2002). "In some cases, this burden requires the removing defendant to provide additional evidence demonstrating that removal is proper." *Roe v. Michelin North Am., Inc.*, __ F.3d. ____, No. 09-15141, 2010 WL 3033802, *2 (11th Cir. Aug. 5, 2010) (citing *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744 (11th Cir. 2010)). "In other cases, however, it may be 'facially apparent' from the pleading itself that the amount in controversy exceeds the jurisdictional minimum, even when 'the complaint does not claim a specific amount of damages.'" *Id.* (citing *Pretka*, 608 F.3d at 754 (citation omitted)). "If the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction. If not, the court must remand."

*Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1215 (11th Cir. 2007).

**b.      Amount in Controversy**

The parties do not dispute that they are diverse, (doc. 5, p. 2; doc. 6, p. 2), thus, the only issue before the court is whether the defendant has shown that the amount in controversy requirement has been met by a preponderance of the evidence.  Removal jurisdiction may be predicated upon either an initial pleading or "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446 (a) to (b).  Courts have held that "other paper" includes, among other things, responses to requests for admissions.  *Lowery*, 483 F.3d at 1212 n.62 (citing *Wilson v. General Motors Corp.*, 888 F.2d 779, 780 (11th Cir. 1989)).

Defendant, Terrace Oaks, asserts that "there was no basis for removal apparent from the face of the Complaint."  (Doc. 5, p.2.)  The Complaint seeks "compensatory and punitive damages in an amount to be determined by a jury in excess of the minimum jurisdiction of [the state court] together with interest from the date of the illness and costs of this proceeding."  (Doc. 1, Ex. A, Complaint.)  Therefore, in an effort to ascertain the amount in controversy, Terrace Oaks served plaintiff with a Request for Admissions, (doc. 1, pp. 106-107), which stated:

> 1.     Admit or deny that you will never seek to recover more than $75,000.00 exclusive of interest and costs.
> 2.     Admit or deny that you will never accept any award greater than

          $75,000.00 exclusive of interest and costs.
3.      Admit or deny that the total damages in this case do not exceed $75,000.00 exclusive of interest and costs.

(Doc. 1, pp. 106-107; Doc. 5, p. 13.) On April 3, 2009, plaintiff responded to each of defendant's requests for admission by stating: "The Plaintiff at this time does not have sufficient information to admit or deny this request." (Doc. 1, 91-92.) On August 31, 2009,[3] plaintiff amended his response, denying all three requests. (Doc. 1, Ex. C.)

The heart of the parties' dispute is whether these denials constitute admissions for the purpose of establishing the jurisdictional minimum. Plaintiff relies upon *Lowery v. Alabama Power Company* and contends that, because the Complaint does not indicate the value of the amount in controversy, the court may not speculate as to that amount. (Doc. 3, p. 5 [citing *Lowery*, 483 F.3d at 1214].) Plaintiff, also argues that denials to requests for admissions are not the equivalent of admissions, and thus do not provide evidence of jurisdictional amount. (*Id.*, p.6.) In response, defendant asserts that the plaintiff's second responses made the case removable and constitute sufficient evidence of the amount in controversy. (Doc. 5, p.3.) As support defendant relies upon the post-*Lowery* decision, *Roe v. Michelin North America, Inc*, in which Judge Thompson of the Middle District of Alabama noted that "nothing in *Lowery* says a district court must suspend reality or shelve common sense in determining whether the face of a complaint, or other document,

---

[3] On the same date, August 31, 2009, plaintiff also filed his Amended Complaint. (Doc. 6, pp. 14-24.)

establishes the jurisdictional amount." (*Id.*, p. 15 [citing *Roe Michelin North Am., Inc.*, 637 F. Supp. 2d 995, 999 (M.D. Ala. 2009), *aff'd,* No. 09-15141, 2010 WL 3033802 (11th Cir. Aug. 5, 2010)].)

In *Lowery,* the Eleventh Circuit outlined the process for ascertaining whether the amount in controversy supports removal based upon diversity jurisdiction. *Id.* The court acknowledged the difficulty of applying the preponderance standard – a standard usually employed in comparing the weight of evidence – to the removal context, where the court has little, if any, evidence from which to ascertain the amount in controversy. *Id.* at 1210 (adhering to circuit precedent which applies the preponderance standard even in the naked pleadings context) (citations omitted). The *Lowery* court had before it only the allegations set out in the third amended complaint and defendants' representations stated in their removal notice. *Id.* at 1211. On that, it refused to speculate as to the amount in controversy. *Id.* at 1211, 1215 ("[T]he absence of factual allegations pertinent to the existence of jurisdiction is dispositive and, in such absence, jurisdiction should not be divined by looking to the stars.").

As an initial matter, this court observes that *Lowery* never reached the issue here presented by the parties – the effect of plaintiff's denials to requests for admissions. Instead *Lowery* contemplated whether it could consider defendants' evidentiary submission "regarding the value of purportedly similar tort claims in Alabama" in assessing the amount in controversy. *Id.* at 1220-21. The court noted that the additional

7

evidence before the court was not supplied by the plaintiff and thus was "not of the sort contemplated by § 1446." *Id.* at 1221. The court added that even if it were, the speculative nature of the evidence precludes any conclusion based upon such a comparison. *Id.*

Two recent Eleventh Circuit rulings, each related to removal procedures generally, and one to wrongful death actions in particular, compel this court's determination that the defendant has established diversity jurisdiction. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 774 (11th Cir. 2010) (holding that in removal pursuant to the first paragraph of § 1446(b), the district court erred in not considering removal evidence submitted by defendant); *Roe v. Michelin North Am., Inc.*, __ F.3d ____, No. 09-15141, 2010 WL 3033802, at *5 (11th Cir. Aug. 5, 2010) (holding that "when a district court can determine, relying on its judicial experience and common sense, that a claim satisfies the amount in controversy requirements, it need not give credence to plaintiff's representation that the value of the claim is indeterminate."). This court will, therefore, discuss plaintiff's Motion to Remand in light of *Pretka* and *Ro*e.[4]

In *Pretka v. Kolter City Plaza II, Inc.*, the Eleventh Circuit addressed the scope and reach of its earlier ruling in *Lowery*. 608 F.3d 744 (11th Cir. 2010). The court distinguished between removal actions predicated upon the first paragraph of the removal

---

[4] The court notes that *Pretka* and *Roe* were decided after the parties had fully briefed and argued their respective positions.

8

statute, 28 U.S.C. § 1446(b), as opposed to the second. *Id.* at 756-57 ("The first paragraph deals with civil actions that are removable at the time of commencement. . . . The second paragraph . . . deals with civil actions that were not removable, or could not have been determined to be removable, until 'an amended pleading, motion, order or other paper' establishes their removability."). The *Pretka* court noted that in *Lowery,* where removal arose pursuant to the second paragraph of § 1446(b), the *"*record contained only 'naked pleadings' – no specific factual details, no discovery, no affidavits or declarations, no testimony, no interrogatories, and no exhibits other than the complaints." *Id.* 608 F.3d at 753 (citations omitted). In contrast, the *Pretka* court addressed the propriety of removal pursuant to the first paragraph of § 1446(b) and had before it evidence supplied by the defendant which included the complaint with attached contracts of named plaintiffs, affidavit testimony, and contracts executed by unnamed plaintiffs (supplied post-petition). *See id.* at 768. In reaching its determination that such evidence should have been considered by the district court, the Eleventh Circuit declined to follow, and deemed "mistaken," dicta expressed in the *Lowery* opinion which suggests that, in "any case in which the complaint seeks unliquidated damages," jurisdictional proof must be received from the plaintiff.[5] *Id.* at 763-764.

The court also stated:

---

[5] The court first rejected the statement in *Lowery* that "the 'receipt from the plaintiff' rule is not limited to removals made under the second paragraph of § 1446(b) but applies to the first paragraph removals as well." *Pretka*, 608 F.3d at 762 (citing *Lowery*, 483 F.3d at 1213 n.63).

> *Lowery* did not say, much less purport to hold, that the use of deduction, inference, or other extrapolation of the amount in controversy is impermissible, as some district courts have thought.  That was not the question in *Lowery*." Instead, the question was how to apply the preponderance of the evidence standard in the "fact-free context" of that particular case.

*Id.* at 753.  Applying this rationale, the court concluded that none of defendant's evidence should have been excluded; it specifically found that the lower court erred in faulting the affidavit testimony which contained an *estimate* of "the potential damage claim of putative class members." *Id.* at 768-74.

On the heels of *Pretka*, the Eleventh Circuit issued its ruling in *Roe*.  The *Roe* court upheld Judge Thompson's determination that plaintiff's complaint to recover unspecified damages under Alabama's Wrongful Death Act sufficiently showed that the jurisdictional amount was satisfied, making removal proper.  *Roe*, __ F.3d ____, 2010 WL 3033802, at *1.  The court observed that "district courts [are permitted] to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable." *Id.* at *2 (citing *Pretka*, 608 F.3d at 754).  Noting that defendant Michelin removed pursuant to the first paragraph of § 1446(b), and that Eleventh Circuit precedent is "sparse in this area," the court turned to the decisions of other circuits and found that none "prohibit a district court from employing its judicial experience or common sense in discerning whether the allegations in a complaint facially establish the jurisdictionally required amount in

10

controversy." *Id.* at *3-4.

The *Roe* court found this "common sense" approach particularly useful in cases brought under Alabama's Wrongful Death Act, which provides for punitive damages only, and is premised on the goal of preventing death, as opposed to providing compensation for the loss of life. *Id.* at *5 (citing Ala. Code § 6-5-410; *Campbell v. Williams*, 638 So. 2d 804, 811 (Ala. 1994)). The court observed:

> In calculating a damage award, an Alabama Wrongful Death Act jury is instructed to consider: (1) the finality of death, (2) the propriety of punishing the defendant, (3) whether the defendant could have prevented the victim's death, (4) how difficult it would have been for the defendant to have prevented the death, and (5) the public's interest in deterring others from engaging in conduct like the defendants. In assessing punitive damages, the worse the defendant's conduct was, the greater the damages should be.

*Id*. (citations omitted). Applying these factors, as well as judicial experience and common sense, the court upheld the district court's ruling denying plaintiff's motion to remand. *Id.* at *6.

Based on the decisions in *Pretka* and *Roe*, the court finds that the allegations in plaintiff's Amended Complaint are sufficient to establish the requisite amount in controversy for subject matter jurisdiction based on diversity.[6] The court has examined

---

[6] The court is mindful that the defendant did not rely upon the allegations of wrongful death stated in the Amended Complaint when arguing that the jurisdictional amount had been met. However, the court is not limited to the review of evidence submitted with the removal petition. *Pretka*, 608 F.3d at 773 (quoting *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000) ("While it is undoubtedly best to include all relevant evidence in the petition for removal and motion to remand, there is no good reason to keep a district court from eliciting or reviewing evidence outside the removal petition.")).Thus, to the extent that the Amended Complaint is viewed as post-removal evidence, the court may consider it when assessing the

plaintiff's allegations in light of the factors to be considered in awarding damages under Alabama's Wrongful Death Act and is satisfied that a preponderance of the evidence supports a finding that the amount in controversy necessary for diversity jurisdiction exists. First, plaintiff alleges that wanton and willful conduct on the part of the defendant, which fell below the standard of care for healthcare providers, caused the death of an elderly woman. Regarding the second factor, if the jury finds such conduct caused Ms. Robertson's death, punishing the defendant would not be unjust or inappropriate. As to the third and fourth factors, plaintiff alleges that after readmission to defendant's facility Ms. Robertson had "a good prognosis for recovery," (doc. 6, at ¶ 26(c)), therefore, a reasonable jury could find that defendant could have prevented Ms. Robertson's death had it not failed to treat, failed to adhere to doctor's orders and protocol regarding the administration of medication, and failed to monitor and accurately chart its patient's condition. Finally, the public has an interest in deterring other healthcare providers from

---

propriety of the removal.
    Also, the statutory language makes plain that an amended pleading may render a case removable because the nature of the dispute has changed. *See Roe*, 2010 WL 3033802, at *2 n.4; 28 U.S.C. § 1446(b). "Under Alabama and federal law, an amended complaint supersedes the initial complaint and becomes the operative pleading in the case." *Lowery*, 483 F.3d at 1219 (citation omitted). Therefore, although *Roe* expressly addressed removal under the first paragraph of § 1446(b), at a minimum, its holding also applies where, as here, the court looks to the allegations of the plaintiff's amended complaint to determine the jurisdictional amount at issue. *See id.* at *2 n.4. (noting that its decision "does not address the effect of *Lowery* on second-paragraph cases" but adding, "[s]pecifically we do not decide whether or under what circumstances the second paragraph permits a *defendant* to present additional evidence to establish removability." (emphasis added)). Finally, given that the responses to requests for admissions and the Amended Complaint were filed contemporaneously, the jurisdictional facts that support removal were present at the time of removal. *See Sierminski*, 216 F.3d at 949.

committing acts of neglect and abuse in the care of its patients. *See Nelson v. Whirlpool Corp.*, 668 F. Supp. 2d 1368, 1374 n.8 (S.D. Ala. 2009) ("Regardless of how a particular defendant's conduct comes to be regarded as wanton, the mere fact that the defendant wantonly took human life heightens Alabama's public policy of awarding damages to vindicate the sanctity of all life."). Thus, the court is of the opinion that the value of plaintiff's claims, as pled, exceed the minimum jurisdictional requirement for diversity jurisdiction.

### III. CONCLUSION

For the foregoing reasons, the court is of the opinion that plaintiff's Motion to Remand, (doc. 3), is due to be denied. An order denying plaintiff's Motion will be entered contemporaneously with this Memorandum Opinion.

**DONE**, this 7th day of September, 2010.

*/s/ Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE